# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20684

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2016

Lyle W. Cayce
Clerk

BRADLEY JARED BARTON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-587

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Bradley Jared Barton, Texas prisoner # 1680744, who stands convicted of capital murder, seeks a certificate of appealability (COA) to appeal the district court's order staying and abating his 28 U.S.C. § 2254 proceeding until the Texas Court of Criminal Appeals ruled on his second state habeas petition. The district court's order also granted the respondent's summary judgment motion in part to the extent it argued that Barton's claims were unexhausted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20684

Barton argues that the district court erred in staying the case pending exhaustion and that it should have excused the requirement that he exhaust his state court remedies because the state habeas process was ineffective.

Barton's motion for a COA is DENIED AS UNNECESSARY. *See Young v. Stephens*, 795 F.3d 484, 494 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1453 (2016). Moreover, because the TCCA has now ruled on Barton's second state habeas petition and the district court is no longer holding the case in abeyance pending exhaustion, the issue of whether the district court should have stayed the case or excused the exhaustion requirement is now moot. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96 (1980); *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008). The appeal is therefore DISMISSED AS MOOT.